IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| ZACHARY BOYD,<br><br>               Plaintiff,<br><br>     v.<br><br>FLEXTRONICS INTL,<br><br>               Defendant. | No. 25-cv-11939<br><br>Hon. Franklin Valderrama |

**ORDER**

Before the Court is Defendant Flextronics International USA Inc.'s (Flextronics) motion to dismiss *pro se* Plaintiff Zachary Boyd's (Boyd) complaint for employment discrimination under Title VII of the Civil Rights Act. R.[1] 3, Mot. Dismiss. Boyd never responded to the motion to dismiss. No matter, however, as "Rule 12(b)(6) prevents courts from granting unopposed motions solely because there is no response," *Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021), and the burden remains on Flextronics "to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). Put another way, the Court's[2] obligation to determine the sufficiency of Boyd's Complaint remains, despite his failure to respond. *Id*. And for the reasons that follow, the Court grants Flextronic's motion to dismiss.

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

[2]Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Word Seed Church v. Vill. of Hazel Crest*, 111 F.4th 814, 819 (7th Cir. 2024) (citation omitted). Flextronics states that federal question jurisdiction exists under 28 U.S.C. § 1331 because, construing the complaint liberally and considering the "Determination and Notice" from the federal Equal Employment Opportunity Commission which Boyd attaches to his complaint, which states that Boyd has the right to sue "on this charge under federal law," R. 1-1 at 1., Boyd brings a cause of action under Title VII of the Civil Rights Act. The Court agrees and is satisfied that it retains federal question jurisdiction over any Title VII claim. To the extent Boyd brings state law discrimination claims, the Court is satisfied it retains supplemental jurisdiction, as "jurisdiction over a federal-law claim brings with it supplemental jurisdiction over a state-law claim arising from the same facts." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 27 (2025).

## Background[3]

Boyd worked at Flextronics for "over a year" as a temporary employee through a company named Randstand. Compl. at 1. He alleges that the department was "toxic," and kept asking his supervisor to move him to a different department. *Id.* After eight months, they granted his request. *Id.*

Eventually Boyd received a new supervisor. *Id.* The new supervisor, however, falsely accused Boyd of sleeping on the job, and wrote him up. *Id.* Boyd refused to sign the write-up. *Id.* Upon his refusal to sign, Boyd alleges that the harassment began. *Id.* Boyd's supervisor wrote him up four more times over the next month. *Id.* Further, Boyd alleges, because he did not sign the write-up, Boyd was moved back to the "toxic" department that he had previously worked in. *Id.* at 2. Boyd alleges that the company attorney then sent interrogatories for him to respond to. *Id.* Someone, although Boyd does not allege who, stated that he "wasn't meeting expectations" "when there [was not] anything in the write up." *Id.*

Boyd states that he "didn't say a word" in the "toxic department" for weeks, and at some point someone told him "they didn't need" him. *Id.* He alleges that someone at the company falsely stated that he "refused" to go back to the toxic environment, and then wrote him up again based on that falsehood. *Id.*

Boyd complained about these incidents to human resources (HR). *Id.* He states that there was no follow up. *Id.* On September 4th, although Boyd does not allege in what year, someone falsely stated that Boyd "yelled" at "his lead." *Id.* In reality, he alleges, his lead was yelling at him. *Id.* He states that he then clocked out and never went back. *Id.* Boyd then states: "This is why I am suing, for making me miserable. They only targeted Black people too." *Id.*[4]

Boyd, proceeding *pro se* sued Flextronics in state court and Flextronics removed the case to this Court pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1441(a). Not. Removal, R. 1. Flextronics motion to dismiss the complaint pursuant to Federal Rule 12(b)(6) is before the Court.

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above

---

[3]The Court accepts as true all the well-pled facts in the Complaint and draws all reasonable inferences in favor of Boyd. *See Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

[4]Boyd's complaint is a scanned, handwritten document. Approximately six words are cut off at the bottom of the page. To the extent these words would change the Court's conclusion in this opinion, Boyd is welcome to replead these facts in an amended complaint.

the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### Analysis

The way Flextronics sees it, Boyd seeks to assert claims of race-discrimination and race-based harassment but fails to state a claim for either cause of action. For the reasons stated below, the Court grants the motion. First, however, the Court must determine what claims Boyd is in fact bringing, as he does not explicitly list any in his complaint. "A trial court is obligated to liberally construe a *pro se* plaintiff's pleadings," and may infer claims from the complaint. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017). The Court agrees with Flextronics that Boyd is bringing a claim for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Boyd attached a "Determination and Notice" from the federal Equal Employment Opportunity Commission to his complaint, which states that Boyd has the right to sue "on this charge under federal law," R. 1-1 at 1., and Boyd further alleges that he was harassed and retaliated against, and that Black people were treated differently at his job.[5] *See generally* Compl. While Flextronics argues that Boyd's failure to identify a statute under which he brings his claims is fatal, the Court disagrees. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998) ("having stated a discrimination claim the complaint need not offer specifics about which rules of law, state or federal, racial discrimination offends").

"Title VII makes it unlawful for an employer to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Boyd v. Advanced Physicians*, 2024 WL 1363421, at *2 (N.D. Ill. Mar. 29, 2024) (quoting 42 U.S.C. §2000e-2(a)(1)). A complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination but it must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002).

Flextronics first argues that Boyd fails to allege that he was harassed or discriminated against based on membership in a protected class. Memo. Mot. Dismiss at 5. Flextronics points out that the harassment Boyd alleges is not, on its face, racial in character, and that Boyd merely alleges at the end of the Complaint that Flextronics "only targeted Black people," is not sufficient to state a claim for racial discrimination. *Id.* (citing *Moore v. St. Paul Lutheran Church & Sch.*, 2021 WL 2186180 (N.D. Ill. May 28, 2021). Flextronics also argues that Boyd has not alleged (1) an adverse employment action; (2) that any harassment was severe or pervasive; (3) that he was constructively discharged, or (4) any other action that would state a federal claim. *See generally* Memo. Mot. Dismiss. For the reasons stated below, the Court agrees with Flextronics that Boyd has not alleged a claim for employment discrimination or harassment.

Some of the cases to which Flextronics cites are on motions for summary judgment. *See e.g.*, *Herron v. DaimlerChrysler Corp.*, 388 F.3d 293 (7th Cir. 2004) (on motion for summary judgment); *Luckett v. Menasha Material Handling Corp.*, 2005 WL 2420398 (N.D. Ill. Sept. 29,

---

[5]To the extent Boyd brings a state law claim under the Illinois Human Rights Act, 775 ILCS 5 *et seq.*, the Court will examine both claims. *Galbreath v. Help at Home, LLC*, 2025 WL 919574, at *8 (N.D. Ill. Mar. 26, 2025). ("Illinois courts use the Title VII framework to analyze employment-discrimination claims brought under the IHRA.").

3

2005); *Hawk v. Allied Waste Transp., Inc.*, 2012 WL 3765186 (N.D. Ill. Aug. 28, 2012). The standard on a motion to dismiss a Title VII claim, however, is much different from that on summary judgment.

The law in this Circuit, and under recent Supreme Court precedent, is clear that on a motion to dismiss "a Title VII plaintiff 'must show some harm respecting an identifiable term or condition of employment. What the [plaintiff] does not have to show, according to the relevant text, is that the harm incurred was "significant." Or serious, or substantial, or any similar adjective suggesting that the disadvantage to the employee must exceed a heightened bar.'" *Thomas v. JBS Green Bay*, Inc., 120 F.4th 1335, 1336–37 (7th Cir. 2024) (citing *Muldrow v. St. Louis*, 601 U.S. 346, 355 (2024)). "'Discriminate against' means treat worse, here based on [race]. . . . But neither that phrase nor any other says anything about how much worse."[6] *Muldrow*, 601 U.S. at 355; *Thomas*, 120 F.4th at 1337 ("'I was turned down for a job because of my race' is all a complaint has to say.").

But despite this low pleading standard, Flextronics is correct that Boyd does not allege that he himself is part of any protected class. And even assuming that the Court can infer Boyd's race from the statement that Flextronics "only targeted Black people," Boyd still does not allege that any of Flextronics's actions were on account of Boyd's race, and Flextronics is correct that the conduct alleged is neutral on its face, rather than conduct that is discriminatory on its face. *See Vazquez v. Suncast Corp.*, 2019 WL 2576554, at *2 (N.D. Ill. June 24, 2019) (dismissing racial discrimination claim because "the complaint does not identify the race or national origin of [plaintiff] or anyone else," and the "complaint does allege that supervisors insulted and cursed at [plaintiff], but he does not allege or otherwise suggest that they used racially charged language"). There are no other facts from which the Court can infer that any harassment or adverse employment action was motivated by Boyd's race. Accordingly, the Court finds that, construing the complaint in favor of Boyd, and under the liberal standard the Court affords *pro se* plaintiffs, Boyd has failed to state a claim for racial discrimination or harassment under Title VII. *See Moore v. St. Paul Lutheran Church & Sch.*, 2021 WL 2186180, at *5 (N.D. Ill. May 28, 2021) (dismissing hostile work environment claim because plaintiff "alleges no facts that support a plausible inference that the harassment he experienced was racial in character or racial in purpose").

Finally, Flextronics argues that to the extent Boyd is bringing a claim under the Illinois Human Rights Act, 775 ILCS 5 *et seq.*, his claim must be dismissed for failure to exhaust administrative remedies, because he does not allege or show that he (1) provided the Illinois Department of Human Rights (IDHR) with the EEOC determination within 30-days of its issuance, or (2) received a notice of a right to sue by the IDHR.

Many courts in this district agree that the "IHRA's exhaustion requirement is jurisdictional." *Towns v. Peoples Gas Light & Coke Co.*, 2024 WL 4590595, at *9 (N.D. Ill. Oct.

---

[6]True, the "anti-retaliation provision—which prohibits an employer from taking action against an employee for bringing or aiding a Title VII charge—applies only when the retaliatory action is 'materially adverse,' meaning that it causes 'significant' harm. . . . But that reasoning does not apply to the anti-discrimination provision, which flatly 'prevent[s] injury to individuals based on' protected status, . . . without distinguishing between significant and less significant harms." *Muldrow*, 601 U.S. at 348. Flextronics, however, does not argue that Boyd is bringing a retaliation claim, much less that any retaliation claim is due to be dismissed, and Boyd has not responded to clarify that he is also bringing a retaliation claim. Thus, the Court only addresses in this motion whether Boyd has stated a race-based discrimination and harassment claim under Title VII.

28, 2024) (dismissing IHRA claim for failure to plead or show exhaustion); *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 639–40 (7th Cir. 2004) (explaining that the IHRA provides for an administrative body to adjudicate civil rights claims, and for judicial review of that body's final orders within a certain time). Thus, "[a] plaintiff's failure to comply with these exhaustion requirements warrants dismissal of his IHRA claims." *Bakhtiari v. Doe*, 2023 WL 415548, at *4 (N.D. Ill. Jan. 25, 2023). Boyd does not allege or show anything showing that he exhausted his IHRA claims at the administrative level. Accordingly, to the extent Boyd brings an IHRA claim, it is dismissed without prejudice.

## Conclusion

For all the foregoing reasons, the Court grants the motion to dismiss. R. 3. Boyd's complaint is dismissed without prejudice. Boyd may file an amended complaint on or before April 23, 2026. If he fails to do so, this case may be dismissed with prejudice.

Dated: April 3, 2026

FRANKLIN U. VALDERRAMA
United States District Judge

5